UNITED STATES DISTRICT COURT
DISTRICT OF OREGON - EUGENE DIVISION

In the Matter of:

NATASHA KAY DUNNE )
PLAINTIFF )
)
V. )
)
STATE OF OREGON; )
)
OREGON DEPARTMENT OF HUMAN SERVICES )
(DHS); )
OFFICE OF TRAINING, INVESTIGATIONS, AND )
SAFETY (OTIS); )
DEPARTMENT OF ADMINISTRATIVE )
SERVICES (DAS); )
DALLAS TULLY, IN HER OFFICIAL CAPACITY )
AS TRAINING & INVESTIGATION MANAGER )
AT OTIS; )
DOES 1–50, )
OFFICIALS, SUPERVISORS, INVESTIGATORS, )
HR PERSONNEL, AND POLICYMAKERS OF )
THE STATE OF OREGON, SUED IN THEIR )
OFFICIAL CAPACITIES ONLY, WHOSE )
IDENTITIES WILL BE DETERMINED THROUGH )
DISCOVERY )
DEFENDANTS )

Case No: **6:25-cv-02359-AP**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983; Americans with Disabilities Act; Declaratory & Injunctive Relief)

JURY TRIAL DEMANDED

Period Covered: 2016–2025

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## I.  JURISDICTION AND VENUE

1.  This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the District of Oregon and Defendants reside or operate here.

## II. PARTIES

### A. Plaintiff

1. Plaintiff Natasha Kay Dunne is an Oregon resident and former state employee who engaged in protected activity, mandatory reporting, and disability-related accommodation requests.

### B. Defendants

1. Defendant State of Oregon is a public entity responsible for the acts and omissions of its agencies, departments, officers, and employees.

2. Defendant Oregon Department of Human Services (DHS) exercised child-welfare and investigative authority affecting Plaintiff.

3. Defendant Office of Training, Investigations, and Safety (OTIS) exercised supervisory, investigative, and employment authority over Plaintiff.

4. Defendant Department of Administrative Services (DAS) exercised risk, personnel, and administrative authority relevant to Plaintiff's employment and complaints.

5. Defendant Dallas Tully acted under color of state law and is sued in her official capacities only.

6. DOES 1–50 include supervisors, investigators, HR personnel, IT administrators, policymakers, and other state actors whose identities will be ascertained through discovery.

C. Official-Capacity and Prospective Relief Notice

1. All defendants named herein are sued solely in their official capacities as agents of the State of Oregon. Plaintiff does not seek relief against any defendant in their individual or personal capacity. This action seeks prospective declaratory and injunctive relief only, including preservation of evidence, cessation of ongoing constitutional and statutory violations, compliance with federal disability and civil-rights law, and protection against continued retaliatory and unsafe supervisory practices. Relief is sought pursuant to Ex parte Young, 209 U.S. 123 (1908), to prevent ongoing and future violations of federal law. Plaintiff does not seek retroactive monetary damages under 42 U.S.C. § 1983 against the State.

III. FACTUAL ALLEGATIONS (REPRESENTATIVE SUMMARY)

1. This action arises from a continuous and escalating course of conduct spanning 2016 through 2025, in which multiple Oregon state agencies and officials retaliated against Plaintiff for protected activity and repeatedly misused governmental authority.

2. Plaintiff engaged in protected conduct including whistleblowing, mandatory reporting, cooperation with oversight bodies, and requests for disability-related and safety-related accommodations.

3. Following such protected activity, Defendants subjected Plaintiff to adverse actions including retaliatory investigations, punitive employment restrictions, isolation, reassignment, and misuse of supervisory authority.

4. These actions were not isolated incidents. Defendants repeatedly reused the same mechanisms—investigations, administrative controls, and employment actions—after notice of prior harm and error.

5. Plaintiff is a participant in the Oregon Department of Justice Address Confidentiality Program (ACP) due to documented safety concerns. Defendants required Plaintiff to re-enroll in ACP, acknowledged the need for protection, and then refused to honor the ACP substitute address.

6. Defendants instead demanded disclosure of Plaintiff's physical location and compelled Plaintiff to execute a revised remote-work agreement solely to reassert geographic location information, despite no change in job duties, work arrangement, or performance.

7. Plaintiff notified management of improper access to and dissemination of her protected information and of retaliatory internal communications.

Defendants acknowledged notice but failed to investigate, correct, or remediate.

8. After Plaintiff reported misconduct to internal and external oversight bodies, Defendants restricted Plaintiff's access to internal systems and took actions creating a foreseeable risk of loss of relevant information.

9. At all times, Defendants acted under color of state law and with knowledge that their conduct would foreseeably harm Plaintiff.

## IV. GLOBAL SCOPE AND RESERVATION OF CLAIMS

1. Plaintiff challenges a continuous course of unconstitutional and unlawful conduct occurring between 2016 and 2025, involving multiple state actors, agencies, and decision-makers.

2. The factual allegations set forth herein are representative, not exhaustive. Plaintiff expressly reserves the right to amend this Complaint to include additional facts, defendants, causes of action, and claims arising from discovery, ongoing retaliation, or related proceedings, including but not limited to conduct involving child-welfare investigations, employment actions, information-sharing practices, and retaliatory misuse of authority.

## V. CLAIMS FOR RELIEF

- COUNT I

42 U.S.C. § 1983 – Retaliation (First Amendment)

1. Plaintiff engaged in protected speech and protected conduct.

2. Defendants took adverse actions that would chill a person of ordinary firmness.

3. Plaintiff's protected activity was a substantial and motivating factor in Defendants' conduct.

- COUNT II

42 U.S.C. § 1983 – Due Process (Fourteenth Amendment)

1. Defendants deprived Plaintiff of liberty and statutory protections, including safety-related protections, without due process of law.

- COUNT III

Americans with Disabilities Act – Title V (Interference and Retaliation)

1. Defendants interfered with, coerced, and retaliated against Plaintiff for asserting disability-related and safety-related protections.

2. Defendants' conduct included interference with Plaintiff's participation in safety-based statutory programs, retaliation for asserting protected accommodation rights, and coercion designed to deter further protected activity.

- COUNT IV

Policy, Practice, and Custom – Prospective Relief

1. Defendants maintained customs, practices, and institutional indifference including retaliatory investigations, misuse of employment authority,

interference with statutory protections, and failure to intervene after notice.

2.  These customs and practices were the moving force behind Plaintiff's constitutional and statutory injuries.

## VI. DAMAGES

1.  Plaintiff has suffered emotional distress, professional and economic harm, loss of statutory protections, and ongoing constitutional injury.

2.  Damages continue to accrue.

## VII. INJUNCTIVE AND DECLARATORY RELIEF

1.  Absent immediate court intervention, Plaintiff faces a substantial and ongoing risk of irreparable harm, including further retaliation, interference with statutory protections, and loss or alteration of evidence uniquely within Defendants' control.

2.  Plaintiff seeks declaratory relief and narrowly tailored injunctive relief necessary to prevent ongoing harm, including relief related to supervisory control and interference with statutory protections.

3.  Plaintiff further seeks injunctive relief prohibiting Defendant Dallas Tully from exercising supervisory authority over Plaintiff during the pendency of this action. Continued supervisory proximity has resulted in ongoing harm, including interference with statutory protections,

heightened risk of retaliation, and credible risk of further alteration or loss of records relevant to this action.

4. Plaintiff further seeks narrowly tailored injunctive relief requiring Defendants to implement immediate litigation holds and access controls sufficient to prevent alteration, deletion, overwriting, or modification of any records relating to Plaintiff, including but not limited to electronic communications, shared drives, audit logs, metadata, and investigative files, by any personnel who have exercised supervisory, investigative, administrative, or custodial authority over Plaintiff.

## VIII. JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

A. Declaratory Relief

1. A declaration that Defendants' acts and omissions, as alleged herein, violate Plaintiff's rights under the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and federal law governing the preservation of public records.

B. Prospective Injunctive Relief

1. An order enjoining Defendants, their agents, employees, and those acting in concert with them from continuing the unlawful practices described herein, including but not limited to retaliatory investigations, misuse of supervisory authority, unauthorized dissemination of protected information, and interference with federally protected disability accommodations.

C. Evidence Preservation Order

1. An order requiring immediate preservation of all electronically stored information, metadata, audit logs, backups, communications, and records relevant to Plaintiff, including but not limited to email systems, Teams, shared drives, case-tracking systems, personnel records, and investigation files.

D. Protective Supervisory Relief

1. A narrowly tailored order requiring that Plaintiff not be supervised, evaluated, investigated, or directed by Defendant Dallas Tully, or any subordinate acting at her direction, pending resolution of this action or further order of the Court, as necessary to prevent ongoing harm, retaliation, and spoliation of evidence.

E. Compliance with Federal Disability Law

1. An order requiring Defendants to comply prospectively with the Americans with Disabilities Act and Rehabilitation Act, including

acceptance and use of Plaintiff's Address Confidentiality Program

address and prohibition on disclosure of protected location information.

F.   Attorneys' Fees and Costs

1.   An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §

1988, the ADA, and other applicable law, should Plaintiff later obtain

counsel.

G.   Such Other and Further Relief

1.   Such other prospective, equitable, or declaratory relief as the Court

deems just and proper.

Signed December 18th 2025,                    Respectfully submitted,

Natasha Kay Dunne
Plaintiff, Pro Se
ACP 0264-25
PO Box 1108
Salem, OR 97308
+1(541)248-4235
Kay@Lanegan.net

STATE OF OREGON
OREGON DEPARTMENT OF HUMAN SERVICES (DHS)
OFFICE OF TRAINING, INVESTIGATIONS, AND SAFETY (OTIS)
DEPARTMENT OF ADMINISTRATIVE SERVICES (DAS)


By the following indicated method or methods:

_____    by **Oregon Judicial Department File & Serve eFiling** an electronic service electronic transmission of a notice of filing by the electronic filing system UTCR 20.010 (4), addressed to the person(s) and/or attorney(s) listed above, on the date set forth below.

_____    by **certified mail, receipt requested mailing** a true and correct copy thereof in a sealed, first class postage envelope, addressed to the person(s) and/or attorney(s) listed above, and deposited in the United States Postal service in Oregon on the date set forth below.

_____    by **mailing** a copy thereof in a sealed, first-class postage envelope, addressed to the person(s) and/or attorney(s) listed above, and deposited in the United States Postal service in Oregon on the date set forth below.

XXX    by **email** a full, true, and correct copy thereof to the addressed to the person(s) and/or attorney(s) listed above, on the date set forth below.

_____    by **hand-delivering** a full, true and correct copy thereof to the attorney(s) listed above at the address listed above, on the date set forth below.


DATED: December 18th, 2025

*Natasha Dunne*

Natasha Kay Dunne


1 – CERTIFICATE OF SERVICE