FILED 18 DEC '25 14:14 USDC-ORE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON - EUGENE DIVISION

In the Matter of:

NATASHA KAY DUNNE
PLAINTIFF

V.

STATE OF OREGON;

OREGON DEPARTMENT OF HUMAN SERVICES (DHS);
OFFICE OF TRAINING, INVESTIGATIONS, AND SAFETY (OTIS);
DEPARTMENT OF ADMINISTRATIVE SERVICES (DAS);
DALLAS TULLY, IN HER OFFICIAL CAPACITY AS TRAINING & INVESTIGATION MANAGER AT OTIS;
DOES 1–50,
OFFICIALS, SUPERVISORS, INVESTIGATORS, HR PERSONNEL, AND POLICYMAKERS OF THE STATE OF OREGON, SUED IN THEIR OFFICIAL CAPACITIES ONLY, WHOSE IDENTITIES WILL BE DETERMINED THROUGH DISCOVERY

DEFENDANTS

Case No: 6:25-cv-02359-AP

SUPPORTING DECLARATION

(42 U.S.C. § 1983; Americans with Disabilities Act; Declaratory & Injunctive Relief)

JURY TRIAL DEMANDED

Period Covered: 2016–2025

DECLARATION OF NATASHA KAY DUNNE

(28 U.S.C. § 1746)

I, Natasha Kay Dunne, declare as follows:

1. I am the Plaintiff in this action and make this declaration based on my personal knowledge.
2. I am a State of Oregon employee and a participant in the Address Confidentiality Program (ACP) due to documented safety risks.
3. In 2024, I engaged in protected activity including whistleblowing, mandatory reporting, and requests for ADA-related accommodations.

4. Following this activity, I was placed on duty station and subjected to increased administrative scrutiny and isolation.

5. During this period, an Office of Investigations and Safety (OIS) investigation concerning me was initiated without my knowledge or notice. I later learned that Human Resources interviewed my supervisor prior to interviewing me.

6. After I identified the locations of records relevant to my duty station and investigation, multiple documents relevant to this matter were altered or deleted. At least four such documents were modified during the period of my duty station.

7. One document was altered within minutes of my correcting an inaccurate statement made by my supervisor regarding project deadlines.

8. The records at issue were under the control of my supervisor and/or the agency, and I did not have the ability to prevent alteration or deletion.

9. Prior to deletion or alteration, I preserved contemporaneous screen video recordings and step-by-step click records documenting the existence, file paths, and accessibility of the records. These materials are preserved in native format and have not been altered.

10. I also provided copies of certain records to the Oregon Department of Justice prior to their deletion, placing Defendants on notice of their relevance and preservation obligation.

11. I was informed that relevant agency systems rely on automatic deletion settings and do not maintain backups sufficient to meet statutory retention requirements.

12. I raised time-sensitive preservation and safety concerns to Human Resources and ADA representatives. Although HR acknowledged the urgency and stated they would connect with me, no meeting occurred within the timeframe they set.

13. Based on the prior alteration of records after notice, continued supervisory proximity, noncompliant retention practices, and delay in response, I believe that additional delay or advance notice presents a substantial risk of further evidence loss.

14. I seek narrowly tailored court intervention solely to preserve evidence, enforce ACP protections, and prevent further irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 18th, 2025

Respectfully submitted,

Natasha Dunne

Natasha Kay Dunne
Plaintiff, Pro Se
ACP 0264-25
PO Box 1108
Salem, OR 97308
+1(541)248-4235
Kay@Lanegan.net