UNITED STATES DISTRICT COURT
DISTRICT OF OREGON - EUGENE DIVISION

In the Matter of:

| | |
|---|---|
| NATASHA KAY DUNNE<br>PLAINTIFF<br>V.<br>STATE OF OREGON et al;<br>DEFENDANTS | Case No: 6:25-cv-02359-AP<br>SUPPORTING EVIDENCE FOR PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE<br>JURY TRIAL DEMANDED<br>Period Covered: 2021–2026 |

SUPPORTING EVIDENCE FOR PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE

# I. EXHIBITS A–D

## A. EXHIBIT A 2026-03-20 10-31-08 ODHS Update Call Savannah Pilliod.m4a (audio exhibit upon request)

1. Excerpt of March 20, 2026 Recorded Communication with ODHS Caseworker Savannah Pilliod

2. The following excerpts are taken from a recorded communication between Plaintiff and ODHS Caseworker Savannah Pilliod on March 20, 2026.

   a) Caseworker Pilliod (0:16–0:38):

      "It does look like… the sex abuse allegations for Ben, at least, may have been addressed in Ed's assessment."

   b) Caseworker Pilliod (10:52–11:05):

      "I don't expect there would be any surprises…"

c) Caseworker Pilliod (11:58–12:07):

"It does seem like a lot of this is repetitive… spread all over the place… other assessments."

d) Caseworker Pilliod (11:10–11:18):

"Once I get all those records… we can get it closed."

(Emphasis added.)

B. EXHIBIT B 2024-03-07 10.07am OTIS HR Marina Carroll Re- Disposition Unfounded.pdf

1. HR Communication Confirming Prior Investigation Was Unfounded and Closed

2. The following excerpt is from a March 7, 2024 communication from HR Business Partner Marina Carroll.

   a) "I've received notification on my end that the CW assessment is unfounded. Because of this, we won't be questioning any further on this topic in the investigation."

(Emphasis added.)

C. EXHIBIT C 2023-11-24 ODHS Casework LaShea Rosenbloom text.pdf

1. Contemporaneous Communications Showing Reporting Activity and Child Awareness of Consequences

2. The following excerpts are from text message communications between Plaintiff and DHS caseworker ("Shae") in November–December 2023.

a) November 24, 2023 (2:07 PM):

"E_1 said she's concerned about her mom… because mom missed two visits… I said I would pass the concerns along."

b) November 30, 2023 (7:03 PM):

"E_1 let us know that Keith and mom were at grandma Ellen's together. She asked if we turned Ashley in because she already thought they would end up in jail if they kept going over together."

c) December 4, 2023 (6:36 PM):

"Also, is mom going to be available for her visit this week, or do we not know?"

(Emphasis added.)

D. EXHIBIT D 2023-11-30 18.46.52 ODHS LaShea Rosenbloom.pdf (audio exhibit upon request)

1. Disclosure of Reporting Identity to Children

2. Plaintiff possesses recorded evidence from December 2023 demonstrating that ODHS personnel disclosed Plaintiff's identity as a reporting party to children involved in the matter.

3. During that disclosure, children were informed that Plaintiff was responsible for reporting conduct that resulted in consequences for their parent, leading to statements by the child including:

a) "You tattled."

4. This disclosure is relevant to the development of subsequent allegations and the context in which those allegations arose.

5. That Ellen was removed from being the safety person, visits and children had to go to DHS office for visits.

E. TIMELINE OF RELEVANT EVENTS

1. November 21, 2023 – CARES interview conducted; child describes placement positively ("best home ever").
2. November 21, 2023 – January 8, 2024 – Children continuously in Plaintiff's care (approximately 48 days).
3. November 30, 2023 – Plaintiff informed that mother was arrested; child questions whether Plaintiff reported the conduct and associates reporting with jail (recorded).
4. December 5, 2023 – Child again states "You tattled," reinforcing attribution of responsibility to Plaintiff (recorded).
5. December 20, 2023 – Plaintiff excluded from DHS foster/parent event; alleged perpetrator accommodated.
6. January 8, 2024 – Allegations of abuse first reported.
7. March 7, 2024 – HR confirms prior investigation is "unfounded" and closed.
8. February 17, 2026 – Plaintiff declines to agree to dismissal of the federal case.
9. February 18, 2026 – Defendants file Motion to Dismiss.
10. February 18, 2026 – Plaintiff raises policy-breach concern regarding ADA and plain-language requirements.
11. February 18, 2026 – New investigation is opened.

12. March 6, 2026 – Caseworker Savannah Pilliod indicates that additional investigation activity/opening occurred (recorded communication).
13. March 16, 2026 – Plaintiff is first notified of the renewed investigation.
14. March 20, 2026 – Caseworker states allegations appear previously addressed and repetitive (see Exhibit A).

## II. REQUEST FOR RELIEF

A. Plaintiff respectfully requests that the Court:

1. Plaintiff seeks all appropriate relief, including reinstatement, restoration of duties, and removal of adverse employment actions.

## III. Relevance to Pending Motions

A. The supplemental evidence provided herein reflects that the matters underlying the current investigation were previously addressed and resolved, and that the issues referenced are not new. This evidence is submitted solely to assist the Court in evaluating the pending Motion to Stay and Motion for Preliminary Injunction.

B. This evidence demonstrates that the issues are not new, that prior investigations were closed as unfounded, and that ongoing investigative activity is causing continuing harm that should not be delayed pending resolution of the Motion to Dismiss.

Signed March 24th 2026, Respectfully submitted,

Natasha Dunne

Natasha Kay Dunne Plaintiff, Pro Se
ACP 0264-25 PO Box 1108 Salem, OR 97308 (541)248-4235 Kay@Lanegan.net

STATE OF OREGON et al
DAN RAYFIELD
Attorney General
HANNAH HOFFMAN #183641 Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: hannah.hoffman@doj.oregon.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing document upon the parties listed above by the following indicated method or methods:

XXX By **CM/ECF Electronic Service** by filing the document electronically with the Clerk of the Court using the CM/ECF system, which automatically generates a Notice of Electronic Filing and serves all registered CM/ECF participants pursuant to Fed. R. Civ. P. 5(b)(2)(E), on the date set forth below.

____ By **Certified Mail, Return Receipt Requested** by mailing a true and correct copy thereof in a sealed envelope, first-class postage prepaid, addressed to the person(s) and/or attorney(s) listed above, and deposited in the United States Postal Service on the date set forth below, pursuant to Fed. R. Civ. P. 5(b)(2)(C).

____ By **First-Class Mail** by mailing a true and correct copy thereof in a sealed envelope, first-class postage prepaid, addressed to the person(s) and/or attorney(s) listed above, and deposited in the United States Postal Service on the date set forth below, pursuant to Fed. R. Civ. P. 5(b)(2)(C)

____ By **United States Marshals Service** by delivery of the summons and complaint to the United States Marshals Service for service upon the named defendant(s), pursuant to Fed. R. Civ. P. 4(c)(3) and/or Court Order, on the date set forth below.

XXX By **Email** by transmitting a full, true, and correct copy thereof by electronic mail to the person(s) and/or attorney(s) listed above, where consent to electronic service has been given, pursuant to Fed. R. Civ. P. 5(b)(2)(E), on the date set forth below.

____ By **Hand Delivery** by hand-delivering a full, true, and correct copy thereof to the person(s) and/or attorney(s) listed above on the date set forth below.

DATED: March 24th, 2026

Natasha Dunne

Natasha Kay Dunne
Plaintiff, Pro Se
ACP 0264-25
PO Box 1108
Salem, OR 97308
+1(541)248-4235
Kay@Lanegan.net