IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATASHA KAY DUNNE,

               Plaintiff,

      v.

STATE OF OREGON; OREGON
DEPARTMENT OF HUMAN SERVICES;
OFFICE OF TRAINING, INVESTIGATIONS,
AND SAFETY; DALLAS J. TULLY;
SEANTEL HEISEL,

               Defendants.

Civ. No. 6:25-cv-02359-AA

**OPINION & ORDER**

AIKEN, District Judge.

      This case was referred to this Court by Judge Amy Potter, ECF No. 46, and comes before the Court on Plaintiff's Motion for a Preliminary Injunction. ECF No. 45. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

**LEGAL STANDARD**

      A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Plaintiff bring claims for (1) violation of her Fourth Amendment rights; (2) First Amendment retaliation; (3) disability discrimination under the Americans with Disabilities Act ("ADA"); (4) ADA retaliation; (5) ADA interference; (6) violation of the Rehabilitation Act; (7) violation of her Fourteenth Amendment procedural due process rights; (8) violation of her Fourteenth Amendment equal protection rights; (9) whistleblower retaliation; and (10) hostile work environment under the ADA.

Plaintiff's Motion for Preliminary Injunction is not a model of clarity, but it does not appear to be directly related to any of the specific claims she makes in the Fourth Amended Complaint. Rather, Plaintiff appears to assert that she is being

investigated by DHS for child-welfare-related misconduct allegations. The precise nature of the alleged wrongdoing being investigated is not clear—there are cryptic references to a "chicken coop allegation"—but it generally appears that at least some of the allegations of misconduct concern the welfare of children in DHS care. Plaintiff asserts that she might be placed on "duty station," which appears to be paid administrative leave, while these allegations are investigated. However, Plaintiff has left blank the date for her being put on "duty station" and the record before the Court would seem to indicate that Plaintiff has not been placed on duty station at all.

Plaintiff seeks an injunction prohibiting Defendants from placing Plaintiff on "duty station,"; enjoining them from "taking adverse employment actions based solely on previously investigated allegations,"; and requiring Defendants to "identify new conduct before proceeding further."

## I.      Likelihood of Success on the Merits

To prevail on a motion for preliminary injunction, a plaintiff must show either a likelihood of eventual success on the merits or, under the Ninth Circuit's alternative "sliding scale" formulation of the test, serious questions going to the merits of their claims. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131-32. However, a court's decision on a motion for preliminary injunction is not a ruling on the merits of the claim. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Here, as noted, the issues raised by the Motion for Preliminary Injunction do not seem to relate to the claims in the Fourth Amended Complaint. Plaintiff

generally alleges that DHS has taken up investigations into past allegations of misconduct against Plaintiff in retaliation for her filing and maintaining this lawsuit. However, the Motion for Preliminary Injunction is garbled and the Court is not able to make out a clear factual picture. At the most fundamental level, it is not clear that the Child Welfare employees who are carrying out the investigation are even aware of Plaintiff's lawsuit or claims and Plaintiff relies almost entirely on temporal proximity between her suit and the investigations. As discussed above, Plaintiff has the burden of persuasion by a "clear showing," of likely success on the merits or at least serious questions going to the merits and the Court concludes that Plaintiff has not done so here.

## II.    Irreparable Harm

A plaintiff seeking an injunction must "must establish that irreparable harm is *likely*, not just possible." *Alliance for the Wild Rockies*, 632 F.3d at 1131 (emphasis in original). Here, Plaintiff alleges that she might be placed on "duty station," which is apparently paid administrative leave, while the investigations go forward. Plaintiff alleges that this would damage her reputation. Even if the Court were to assume that being placed on "duty station" constituted an irreparable harm, there is no clear showing that Plaintiff is *likely* to be placed on "duty station" and, indeed, it does not appear that Plaintiffs employers have done so in the time since the motion was filed and there is no indication that they are imminently likely to do so. The Court concludes that Plaintiff has not made a sufficient showing of irreparable harm to justify the "extraordinary remedy" of a preliminary injunction.

### III.    Balance of the Equities and the Public Interest

Under the "balance of equities" analysis, a court must "balance the competing claims of injury" and "consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal quotation marks and citation omitted). The public interest inquiry, by contrast, "primarily addresses impact on non-parties rather than parties." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014). When, as here, the government is a party to the action, these factors will merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

As noted, the Motion for Preliminary Injunction is unclear about what precisely is being investigated, but it does appear to relate to the welfare of children in the care of DHS. The Court concludes that the public interest lies with prompt and thorough investigations into any allegation of misconduct connected to children in the care of DHS. The Court concludes that the balance of the equities and the public interest do not favor an injunction.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction, ECF No. 45, is DENIED.

It is so ORDERED and DATED this ____21st____ day of May 2026.


                          /s/Ann Aiken
                          ANN AIKEN
                          United States District Judge