IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NATASHA KAY DUNNE, | Case No. 6:25-cv-02359-AP |
| Plaintiff, | |
| v. | **FINDINGS &** |
| | **RECOMMENDATION** |
| STATE OF OREGON, OREGON DEPARTMENT OF HUMAN SERVICES, OFFICE OF TRAINING INVESTIGATIONS AND SAFETY, DALLAS J. TULLY, and SEANTEL HEISEL, | |
| Defendant(s). | |

POTTER, United States Magistrate Judge:

Plaintiff Natasha Dunne alleges that her employer, Defendant State of Oregon, discriminated against her on the basis of disability and retaliated against her. Fourth Amend. Compl., ECF No. 37 (FAC). She brings claims under § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and Oregon's Whistleblower Retaliation statutes, ORS 659A.199 and ORS 659A.203. Defendants move to dismiss. Defs.' Mot., ECF No. 32; Defs.' Supp. Mot., ECF No. 53. For the reasons explained below, Defendants' motion should be granted, and Plaintiff's claims should be dismissed with leave to amend. Plaintiff also moves to sever; that motion should be denied as premature. Mot. Sever, ECF No. 36.

## BACKGROUND

Plaintiff works for Oregon Department of Human Services, in the Office of Training, Investigations, and Safety. FAC 3. As an LDS2, Plaintiff responsibilities include "curriculum

PAGE 1 – FINDINGS & RECOMMENDATION

design, instructional development, creation of e-learning products, development of training activities aligned to learning objectives, and training delivery." *Id.*

Plaintiff is disabled. *Id.* at 4. As an accommodation, Plaintiff used written communication, including chat via Teams. *Id.* at 4–5. Plaintiff alleges that this accommodation "was publicly challenged" and became a source of friction between her and her supervisor, Defendant Dallas Tully. *Id.* at 5–6. Plaintiff also alleges that, due to her disability, she was treated "differently than similarly situated employees in day-to-day workplace interactions." *Id.* at 25–29.

Plaintiff also served as a Union Contract Action Team representative. *Id.* at 7. She alleges that as a union representative, she raised concerns regarding Defendants' sick leave policies. *Id.* at 7–9. Plaintiff alleges that after she raised these concerns, she "was placed on duty-station status." *Id.* at 9. "Plaintiff was informed that the duty station related to a Child Welfare matter and unspecified information-security concerns." *Id.* Plaintiff alleges that even after she returned to work, she was subject to workplace restrictions. *Id.* at 13–15. Plaintiff also received a Letter of Reprimand that was removed after Plaintiff challenged it. *Id.* at 15.

Plaintiff reported concerns about "confidentiality, information security, and improper handing of sensitive records." *Id.* at 16, 23. Plaintiff was instructed that "All inquiries to DOJ must be directed through management first." *Id.* Plaintiff alleges that her communication with third parties was subsequently restricted and that key responsibilities were removed from her. *Id.* at 17–23.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

PAGE 2 – FINDINGS & RECOMMENDATION

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim that is plausible on its face does not need detailed factual allegations, but it presents sufficient facts of alleged conduct that allows the Court to reasonably infer the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded, material factual allegations and construe them in the light most favorable to the non-moving party. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023). However, the Court need not accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

Plaintiff is self-represented. In addition to the liberal pleading standards of Fed. R. Civ. P. 8(a)(2), pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court "recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)). If the pro se complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff brings four claims under § 1983 (counts one, two, seven, and eight), alleging unreasonable search and seizure under the Fourth Amendment, First Amendment retaliation, stigma-plus procedural due process violations under the Fourteenth Amendment, and equal protection violations under the Fourteenth Amendment. FAC. Plaintiff brings four claims under the ADA (counts three, four, five, and ten), alleging failure to accommodate, retaliation, interference or coercion, and hostile work environment. *Id.* Plaintiff also brings a disability

PAGE 3 – FINDINGS & RECOMMENDATION

discrimination claim under the Rehabilitation Act (count six). *Id.* Finally, Plaintiff brings a claim under ORS 659A.199 and ORS 659A.203, alleging whistleblower retaliation (count nine). *Id.*

Defendants move to dismiss. Defs.' Mot.; Defs.' Supp. Mot. Defendants first argue that the individual defendants, Dallas Tully and Seantel Heisel, should be dismissed. Defs.' Supp. Mot. 3–4. Defendants also argue that Plaintiff's claims fall outside the applicable statutes of limitations. *Id.* at 4–11. Finally, Defendants argue that Plaintiff fails to state a claim. *Id.* at 3–15.

Separately, Plaintiff moves to sever certain claims with the concern that certain claims are misjoined. Mot. Sever. She seeks to add additional Plaintiffs and Defendants and maintain the original filing date. *Id.* Defendants oppose, noting that they have not moved to dismiss based on misjoinder. Defs.' Resp. Sever, ECF No. 51.

## I.    The § 1983 Claims

At the outset it is difficult to determine who Plaintiff is bringing her claims against. The caption of Plaintiff's complaint lists Defendants State of Oregon, Oregon Department of Human Services (ODHS), and Office of Training, Investigations, and Safety (OTIS). FAC 1. However, the Parties section of the complaint includes Defendant Dallas J. Tully and Defendant Seantel Heisel. FAC 3. Defendant Tully is identified as Plaintiff's supervisor while Defendant Heisel is identified as serving "in a management capacity related to training systems and information-technology oversight." FAC 3.  While the majority of Plaintiff's claims do not specify which Defendant they refer to, count two does specify that it is "[a]gainst Tully, Manley, Heisel, and participating supervisors/decisionmakers." FAC 44. The Court construes Plaintiff's complaint to bring claims § 1983 claims against the state agencies as well as against Defendants Tully and Heisel, at least for Count 2.

### A.  The State Agency Defendants

PAGE 4 – FINDINGS & RECOMMENDATION

To state a civil rights claim under § 1983, Plaintiff must allege that 1) a person acting under color of law 2) deprived her of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). The State agencies are not a "person" for purposes of a § 1983 civil rights action; this requires dismissal.

Even if it did not, "sovereign immunity precludes §§ 1981 and 1983 damages claims against state entities and state actors in their official capacity." *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Because the State has not waived its Eleventh Amendment immunity, Plaintiff's § 1983 claims against the State and its agencies must be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Green v. Mansour*, 474 U.S. 64, 68 (1985).

**B.  The Individual Defendants**

Defendants argue that, to the extent Defendants Tully and Heisel are sued in their official capacity, Plaintiff's 1983 claims against them are also barred by sovereign immunity. Defs.' Mot. 2–3; Defs.' Supp. Mot. 3. To determine whether Plaintiff brought her suit against the Defendants in their individual or official capacities, the Court looks to the "'essential nature'" of the proceeding. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995), as amended (Jan. 23, 1996) (citation omitted). While Plaintiff's FAC does not specify the nature of the suit against Tully and Heisel, the first two Complaints list Tully and other state employees who would be identified later as being served "in their official capacities only." *See* Compl., ECF No. 1; Amend Compl., ECF No. 15. The Second and Third Amended Complaints list Defendant Tully and Liesl Wendt, another state employee, as being sued in their official capacities. Second Amend. Compl., ECF No. 22; Third Amend. Compl., ECF No. 24 (TAC). Both go on to make

clear "All defendants named herein are sued solely in their official capacities as agents of the State of Oregon." Second Amend. Compl. 2; TAC 2.

This is consistent with Plaintiff's service of Defendants. When Plaintiff served Defendant Tully, the summons stated "Dallas Tully, in her official capacity as training and investigation manager at OTIS." ECF No. 10-4. While it does not appear that Plaintiff sought a summons for Defendant Heisel, she did serve another individual, Liesl Wendt, "in her official capacity as Director of OOHS OR Department – Justice." ECF No. 34. And in the service of process request form, Plaintiff stated under special instructions: "Defendants sued in official capacity only" and cited Federal Rule of Civil Procedure 4(j)(2). ECF No. 34. Rule 4(j)(2) governs service on the State; Rule 4(e) governs individual service. *See* Fed. R. Civ. P. 4.

The FAC omits the official capacity language and adds a punitive damages claim for the § 1983 violation. Suits for damages typically imply a suit against a state employee in their individual capacity. *Cerrato v. San Francisco Cmty. Coll. Dist*., 26 F.3d 968, 973 n.16 (9th Cir. 1994) ("[W]e have held that a section 1983 suit against state actors necessarily implies a suit against the defendants in their personal capacities." But there is no indication that the individual defendants have been served in that capacity. *See Jackson v. Hayakawa,* 682 F.2d 1344, 1348 (9th Cir. 1982) ("New service would be necessary in order to satisfy the due process requirement of notice if there was to be a change in the status of defendants.") And there is nothing else to show that Plaintiff has abandoned her clear intention to sue all defendants in their official capacities. Therefore, it appears that Defendants Tully and Heisel have been sued in their official

PAGE 6 – FINDINGS & RECOMMENDATION

capacities only. Because the individual defendants were sued in their official capacities, claims for damages under § 1983 should be dismissed.[1]

But even if the Court were to conclude that Plaintiff was attempting to bring claims against Defendants Tully and Heisel in their individual capacities, the current claims would need to be dismissed for failure to state a claim. Liability for damages under § 1983 arises only upon a showing of personal participation by each defendant; Plaintiff must allege "that each defendant personally played a role in violating the Constitution." *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Defendants Tully and Heisel are not even named in Counts One, Seven and Eight, nor does the complaint allege their specific role in those alleged violations.  While they are named in Count Two, Plaintiff still fails to specify their specific role in the violation, referring to actions by Defendants generally. That is not sufficient.[2]

## II.    Statutes of Limitations

Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations. Defs.' Mot. 5–6.

Here, where Plaintiff has filed five complaints, the Court must determine the relevant filing date for the statutes of limitations.

---

[1] Although Plaintiff does seek injunctive relief, the specific injunctive relief she seeks appears to be tied to her ADA claims rather than her § 1983 claims. *See* FAC 51.

[2] Defendants also argue that Defendants Tully and Heisel are entitled to qualified immunity. Defs.' Supp. Mot. 3-4. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). It is a defense that is available to officials who are sued in their individual capacity. *See Wright v. Beck*, 981 F.3d 719, 737 (9th Cir. 2020). But given Plaintiffs failure to specify the clearly established constitutional right and the precise acts the individual defendants committed to violate that right, it is difficult to evaluate immunity at this juncture.

PAGE 7 – FINDINGS & RECOMMENDATION

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Relation back under Rule 15(c) is "liberally" applied, especially when there is no prejudice to defendants. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Relation back relies on notice; it does not necessarily require the notice of specific claims but, rather, focuses on notice of the facts that form the basis of those claims. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 326 (9th Cir. 1989). A plaintiff may add additional claims, so long as those claims stem from the same transaction or set of facts, without prejudicing the defendant. *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) (holding that although the § 1981 claim in the original complaint was barred by the statute of limitations, the Title VII claim in the amended complaint related back). However, when a plaintiff must allege different facts to support their new claims, the amended complaint does not relate back. *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (holding that a compensation discrimination claim was a "new legal theory depending on different facts" and did not relate back to the promotion discrimination claims in the original complaint).

Plaintiff's original complaint, filed on December 18, 2025, alleged that Defendants "retaliated against Plaintiff for protected activity and repeatedly misused governmental authority." Compl. 3. The Complaint alleges that "Defendants subjected Plaintiff to adverse actions including retaliatory investigations, punitive employment restrictions, isolation, reassignment, and misuse of supervisory authority." Compl. 4. The Complaint alleges that "Defendants required Plaintiff to re-enroll in ACP [Oregon Department of Justice's Address

PAGE 8 – FINDINGS & RECOMMENDATION

Confidentiality Program]" but "then refused to honor the ACP substitute address." Compl. 4. The Complaint alleges that Defendants "demanded disclosure of Plaintiff's physical location and compelled Plaintiff to execute a revised remote-work agreement." Compl. 4. The Complaint alleges that "Defendants restricted Plaintiff's access to internal systems and took actions creating a foreseeable risk of loss of relevant information." Compl. 5. The Complaint generally alleges that these actions took place between 2016 and 2025 but provides no other dates or specifics. Compl. 3. To the extent Plaintiff's claims rest on her participation in ACP and the disclosure of her physical location, the relevant filing date for the statutes of limitations is December 18, 2025. Otherwise, because Plaintiff's original complaint consists primarily of conclusory statements rather than facts, it does not provide sufficient notice for her claims to relate back to that filing date.

Plaintiff filed an amended complaint on January 5, 2026. Amend. Compl. The factual allegations in this complaint mirror those in the original complaint; the primary difference is the addition of Liesl Wendt as a Defendant. *Compare* Compl. *with* Amend. Compl. Plaintiff Second Amended Complaint, filed on January 10, 2026, also made no substantive changes to the factual allegations. *See* Second Amend. Compl. Ex. 1 (Markup), ECF No. 22 (adding a claim under the Rehabilitation Act § 504).

Plaintiff's Third Amended Complaint (TAC), filed on January 19, 2026, added a number of additional factual allegations. Third Amend. Compl. Ex. 1 (Markup), ECF No. 26. The TAC alleges that in 2018 and 2019, Defendant DHS relied on false sexual abuse allegations. TAC 2. The TAC alleges that Plaintiff and her husband were subjected to an unlawful traffic stop in July 2018. TAC 3. The TAC alleges that the false allegations and unlawful seizure were "reused by DHS in January 2024 to justify attempted unlawful entry onto Plaintiff's property, public

PAGE 9 – FINDINGS & RECOMMENDATION

removal of foster children, and renewed designation of Plaintiff's household as dangerous." TAC 4. For these additional factual allegations, the relevant filing date for the statutes of limitations is January 19, 2026.

Finally, Plaintiff's Fourth Amended Complaint, the operative complaint, was filed on March 10, 2026. FAC. This complaint contains more than forty pages of factual allegations, the vast majority of which are new. *See* FAC. The complaint alleges that in February 2023, Defendant Heisel "accused Plaintiff of a 'conflict of interest.'" FAC 5. The FAC alleges that on January 18, 2024, Plaintiff was forced to verbally explain her ADA accommodation. FAC 5–6. The FAC details a conflict regarding sick leave usage between January 31, 2024, and February 8, 2024. FAC 7–9. The FAC alleges that Plaintiff was placed on paid administrative leave on February 9, 2024, pending an investigation into "an open Child Welfare abuse assessment as well as Information Security." FAC 9. The FAC then details a number of conflicts between Plaintiff and her supervisors and coworkers, spanning from March 12, 2024, to February 2026. *See* FAC. For any new factual allegations contained in the FAC that do not relate to Plaintiff's participation in ACP or the January 2026 alleged use of false accusations, the relevant filing date for the statutes of limitations is March 10, 2026.

Plaintiff's claims under § 1983 are subject to a two-year statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions. . . ."); ORS § 12.110 (personal injury actions "shall be commenced within two years").

The search and seizure in Count 1 of the FAC is alleged to have occurred on January 9, 2024. FAC 44. Because this claim and the factual allegations that support it are first pled in the TAC on January 19, 2026, the statute of limitations has elapsed for this claim.

PAGE 10 – FINDINGS & RECOMMENDATION

The First Amendment Retaliation claim in Count 2 of the FAC is arguably first pled in Plaintiff's original complaint of December 18, 2025. Any alleged retaliation that occurred prior to December 18, 2023, is barred by the statute of limitations.

The stigma-plus procedural due process claim in Count 7 relates to Defendants' "reliance on an 'open child welfare assessment.'" FAC 48. These facts were first pled in the TAC on January 19, 2026. Any alleged due process violations occurring before January 19, 2024, are barred by the statute of limitations.

The equal protection claim in Count 8 was also arguably contained in Plaintiff's original complaint of December 18, 2025. Any equal protection violations that occurred prior to December 18, 2023, are barred by the statute of limitations.

Claims under the ADA must be filed within ninety days of receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC) or the comparable state agency, Oregon's Bureau of Labor and Industries (BOLI). 42 U.S.C. § 2000e-5(f)(1); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010).

Here, Plaintiff does allege that she filed complaints with BOLI and the EEOC and that BOLI issued a right to sue notice. FAC 2–3. However, because Plaintiff does not attach the right to sue notice or provide the date of the letter, the Court cannot determine if her ADA claims are timely. Plaintiff's ADA Failure to Accommodate claim in Count 3 and Hostile Work Environment claim in Count 10 were first pled in the FAC of March 10, 2026. If Plaintiff received the right to sue letter before December 10, 2025, these claims are not timely. Plaintiff's ADA Retaliation and Interference claims in Counts 4 and 5 are arguably contained within the original complaint of December 18, 2025. As long as the right to sue letter was received on or

after September 19, 2025, these claims are timely. Plaintiff's ADA claims should be dismissed with leave to amend to include the date Plaintiff received the right to sue letter.

"The statute of limitations for claims under Section 504 of the Rehabilitation Act is provided by analogous state law." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014). The most analogous Oregon statute to the Rehabilitation Act is ORS 659A.142. *Compare* 29 U.S.C. 794 *with* ORS 659A.142(5). Employment discrimination claims brought under ORS 659A.142 have a one-year statute of limitations. ORS 659A.875(1); *Clink v. Oregon Health & Sci. Univ.*, 9 F. Supp. 3d 1162, 1168 (D. Or. 2014). Any alleged violations of the Rehabilitation Act that occurred prior to December 18, 2024, are barred by the statute of limitations. Many sections of Plaintiff's complaint do not contain any relevant dates. *See, e.g.* TAC 25–28 ("Disability-Based Disparate Treatment and Hostile Conditions" section and "Disparate Enforcement of Flex Time and Technology Usage" Section"). The vast majority of dates that are included in the complaint are prior to December 18, 2024. Because the Court cannot ascertain whether Plaintiff's claim here is timely, this claim should be dismissed with leave to amend.

The statute of limitations for Oregon's whistleblower statutes is also one year. ORS 659A.875(1). Plaintiff's original complaint alleged that she engaged in whistleblowing and was subjected to retaliatory treatment, so the operative filing date for this claim is December 18, 2025.

### III.    State Law Claims

Plaintiff brings claims under Oregon's whistleblower statutes, ORS 659A.199 and/or 659A.203. FAC 49–50. Because Defendants are a public employer, Plaintiff's claims are appropriately brought under ORS 659A.203. *Lindsey v. Clatskanie People's Util. Dist.*, 140 F.

Supp. 3d 1077, 1095 (D. Or. 2015) ("The legislative history establishes that ORS § 659A.199 does not apply to public employers."). To the extent Plaintiff's whistleblower claim is brought under ORS 659A.199, the claim should be dismissed. Because the Court recommends dismissal of all Plaintiff's federal claims, the remaining claim under ORS 659A.203 should be dismissed for lack of jurisdiction.[3] 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## IV.     Motion to Sever

Plaintiff also filed a motion to sever "[r]ather than risk dismissal of claims due to misjoinder." Mot. Sever 1. She also seeks to maintain the original filing date for her separate cases while adding additional Plaintiffs and Defendants. *Id.* at 1-6.  Since Defendants did not move to dismiss for misjoinder, the motion to sever is premature. But if Plaintiff chooses to file two separate complaints as opposed to a single complaint, she must comply with the applicable statute of limitations as discussed above. To the extent Plaintiff seeks to add additional Defendants who were not previously named or served, those Defendants must each be properly served. For any new Defendants, the complaint would only relate back to the complaint in which the facts were first pled, as discussed above, and only to the extent that the new Defendants had notice and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). To the extent that an amended complaint adds new Plaintiffs, Plaintiff, as a non-attorney, cannot bring claims on

---

[3] Courts may decline to exercise supplemental jurisdiction when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

behalf of others. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

## RECOMMENDATION

Defendants' Motion to Dismiss (ECF Nos. 32 and 53) should be GRANTED. Individual Defendants Tully and Heisel should be dismissed. Plaintiff's § 1983 claims (counts one, two, seven, and eight) should be dismissed because the State has not waived sovereign immunity. Plaintiff's claims under the ADA (counts three, four, five, and ten) should be dismissed with leave to amend to include the date Plaintiff received the right to sue letter. Plaintiff's claim under the Rehabilitation Act (count six) should be dismissed with leave to amend to include relevant dates. Plaintiff's whistleblower claim under ORS 659A.199 should be dismissed. Plaintiff's whistleblower claim under ORS 659A.203 should be dismissed without prejudice.

Plaintiff's Motion to Sever (ECF No. 36) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

PAGE 14 – FINDINGS & RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1)

of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.


       DATED this __6th__ day of July, 2026.

                                     _/s/Amy E. Potter_____
                                     AMY E. POTTER
                                     United States Magistrate Judge

PAGE 15 – FINDINGS & RECOMMENDATION